**AMERICAN DRUGGISTS' INSURANCE COMPANY, Appellant,**

v.

**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellee.**

Court of Appeals of Kentucky.

April 5, 1985.

Thomas L. Clark, Denney, Morgan & Rather, Lexington, for appellant.

John Henriksen, Randall G. McDowell, Frankfort, for appellee.

Before COMBS, McDONALD and WIL-HOIT, JJ.

COMBS, Judge.

This is an appeal from a Franklin Circuit Court judgment which affirmed the final order of the Natural Resources and Environmental Protection Cabinet. The appellant seeks to avoid forfeiture of $115,-800.00 in surety bonds guaranteeing reclamation of property mined by M & W Sales, Inc. Appellant asserts that the inaction of the appellee in failing to exercise their statutory duty to reclaim the mined property acted as a discharge of appellant's responsibility as surety. We disagree.

M & W Sales, Inc. received permits from appellee to strip mine land in Leslie and Perry counties. As part of their application process, M & W obtained two surety bonds from appellant to guarantee compliance with appellee's regulations. In 1979 and 1980, appellee's employees issued a number of Notices of Noncompliance to M & W Sales, concerning failure to post required signs and markers, as well as failure to complete reclamation and to have equipment available on the property to reclaim it. The face of the Notices of Noncompliance indicate copies were to be mailed to the appellant, as well as to M & W Sales.

On February 1, 1980, M & W Sales, Inc. filed a Chapter 11 Petition in the United States Bankruptcy Court, where an automatic stay was issued and remained in effect until October 1982. In January 1983 appellee instituted proceedings against M & W Sales and appellant, seeking revocation of the mining permits, civil penalties and forfeiture of bond monies. After a hearing in which only appellee presented evidence, a final order was entered on August 24, 1983 by the Secretary for appellee ordering forfeiture of appellant's surety bonds as well as the other relief sought against M & W Sales.

Appellant then filed a complaint in the Franklin Circuit Court, and that court affirmed the final order of the Secretary.

Appellant argues that its obligation as surety was discharged because appellee failed to assert and exercise their statutory duty to enforce reclamation of the mined property following their 1979 and 1980 Notices of Noncompliance. Appellant argues that the delay in reclamation due to appellee's compliance with the bankruptcy court's stay has made reclamation of the mined property impossible or much more expensive, to their detriment, and that a surety is discharged under Kentucky law by an act of the beneficiary of the surety contract which alters liability or increases the risk to the surety.

We note that the outside limits of appellant's liability is set by the face amounts of the surety bonds, and that has not changed. Appellant did not put on any proof before the hearing officer and there is no evidence in the record of costs of the reclamation of the mined areas. Any in-

creased costs to reclaim the property is at best speculative. This court cannot consider matters stated in the briefs unsupported by the record. *Ford v. Commonwealth,* Ky., 472 S.W.2d 261 (1971). Appellant has not proven any damage or increased liability.

As a compensated surety, appellant had a duty to ensure that its principal reclaimed the permitted areas. "It is the surety's business to see that the principal performs the duty which he has guaranteed." *Henderson v. Phoenix Ins. Co.,* 233 Ky., 217, 25 S.W.2d 359, 362 (1930). The appellant knew, or should have known, that M & W Sales was not reclaiming the mined land in a timely manner. The appellant's surety bonds remained in effect the entire period of time the automatic stay was in effect. Nothing prevented the appellant from minimizing their loss by undertaking to perform the reclamation or having it done prior to the appellee formally proceeding against M & W Sales.

We also note that the point of having the surety bonds available is to protect the people of the Commonwealth and the environment when a coal operator fails to perform his obligations. It could well be anticipated that bankruptcy proceedings by the operator is a hazard the surety bonds are there to guard against. It should take something more than an anticipated risk of doing business to relieve appellant from performing on its bonds.

The judgment of the Franklin Circuit Court is affirmed.

All concur.